IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 16-cv-03061-CMA-NYW

SPYDERCO, INC., a Colorado corporation,

Plaintiff,

v.

KEVIN, INC., a Maine corporation *d/b/a* Shawmut Distributors, *d/b/a* Kittery Trading Post, *d/b/a* KTP Gun Exchange,

Defendant.

---

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR
LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE**

---

This matter is before the Court upon Defendant Kevin, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue. (Doc. # 11.) For the reasons detailed herein, the Motion is granted.

### I. BACKGROUND

Plaintiff Spyderco, Inc. is a knife manufacturer incorporated in Colorado with its principal place of business in Golden, Colorado. (Doc. # 1 at ¶¶ 1, 11.) Plaintiff holds a number of federally registered and common law trademarks. (Doc. # 1 at 8-11.) Defendant Kevin, Inc. is a Maine corporation with its principal place of business in Kittery, Maine. (Doc. # 11 at 2.) Plaintiff alleges that Defendant sold and continues to sell two variants of counterfeit Spyderco knives through a brick and mortar retail store located in Kittery, Maine. (Doc. # 1 at ¶ 28.) Metallurgic testing confirmed that the

knives are not authentic Spyderco products (Doc. # 1-11), yet both knives bear Plaintiff's trademarks. (Doc. # 1 at ¶ 31.) Plaintiff initiated this suit on December 14, 2016, bringing claims for trademark infringement and counterfeiting under the Lanham Act, 15 U.S.C. §§ 1117 & 1125, a claim for unfair and deceptive trade practices in violation of the Colorado Consumer Protection Act, Colo. Rev. Stat. § 6-1-101, and a number of common law causes of action. (Doc. # 1 at 17-21.)

On January 5, 2017, Defendant filed a motion to dismiss for lack of personal jurisdiction and improper venue. (Doc. # 11.) On January 26, 2017, Plaintiff filed its response (Doc. # 17), to which Defendant replied on February 10, 2017 (Doc. # 26). Defendant has not designed any products for Colorado, advertised within Colorado, or marketed the allegedly infringing products through a sales agent in Colorado. (Doc. # 11-1 at ¶¶ 10, 12, 14.) However, Plaintiff alleges that (i) Defendant's intentional trademark infringement and intentional and willful counterfeiting of Plaintiff's products and (ii) Defendant's long-standing relationship with Plaintiff constitute sufficient minimum contacts with the forum state for the purposes of personal jurisdiction.

## II.  ANALYSIS

### A.  STANDARD OF REVIEW:  RULE 12(b)(2) MOTION TO DISMISS

A plaintiff bears the burden of establishing a court's personal jurisdiction over a defendant. *Rambo v. American S. Ins. Co.*, 839 F.2d 1415, 1417 (10th Cir. 1988) (citation omitted). In responding to a Rule 12(b)(2) motion filed prior to an evidentiary hearing, the plaintiff need only make a prima facie showing of personal jurisdiction to defeat the motion. *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091

(10th Cir. 1998). The prima facie showing may be made by submitting affidavits or other written materials with facts that would support jurisdiction over the defendant. *Id.* A defendant can counter that showing by demonstrating "that the presence of some other considerations would render jurisdiction unreasonable." *Id.* (quoting *Burger King v. Rudzewicz*, 471 U.S. 462, 477 (1985)).

Allegations made in the complaint must be taken as true so long as they remain undisputed by the defendant's affidavits. *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995). Conflicting facts in the parties' affidavits "must be resolved in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party." *Wenz,* 55 F.3d at 1505 (internal quotation marks and citation omitted). Additionally, Plaintiff has "the duty to support jurisdictional allegations in a complaint by competent proof of the supporting facts if the jurisdictional allegations are challenged by an appropriate pleading." *Pytlik v. Prof'l Res., Ltd.,* 887 F.2d 1371, 1376 (10th Cir. 1989).

**B.     THE COURT'S ABILITY TO EXERCISE JURISDICTION OVER DEFENDANT**

    1.     <u>Legal Standard: "Minimum Contacts" Analysis</u>

An analysis of personal jurisdiction begins with a two-step inquiry. First, a court must determine "whether any applicable statute authorizes the service of process on [the] Defendant. *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008) (citation omitted). Second, a court must "examine whether the exercise of such statutory jurisdiction comports with constitutional due process demands." *Id.*

With respect to the first question, the federal Lanham Act, 15 U.S.C. §§ 1117 & 1125, does not provide for nationwide service of process. *CrossFit, Inc. v. Jenkins*, 69 F. Supp. 3d 1088, 1094 (D. Colo. 2014). Consequently, Fed. R. Civ. P. 4(k)(1)(A) requires that this Court apply Colorado law. Colorado's long-arm statute, in turn, confers the maximum jurisdiction permissible consistent with the Due Process Clause. *Archangel Diamond Corp. v. Lukoil*, 123 P.3d 1187, 1193 (Colo. 2005). Thus, in this case, the first, statutory inquiry effectively collapses into the second, constitutional analysis.

The Supreme Court has held that, to exercise jurisdiction in harmony with due process, defendants must have "minimum contacts" with the forum state, such that having to defend a lawsuit there would not "offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks omitted). Jurisdiction over corporations may be either general or specific. *Rambo*, 839 F.2d at 1418. Jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum state is "specific jurisdiction." *Id.* In contrast, when the suit does not arise from or relate to the defendant's contacts with the forum and jurisdiction is based on the defendant's presence or accumulated contacts with the forum, the court exercises "general jurisdiction." *Id.* In this case, Plaintiff has not sufficiently pled that Defendant has the continuous or systematic contacts with Colorado that would permit an exercise of general jurisdiction. *See Burger King*, 471 U.S. at 473 n. 15; *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 nn. 8 & 9 (1984). Accordingly, this Court will review Defendant's

contacts with the forum to determine whether the exercise of "specific" personal jurisdiction would offend due process. See OMI, 149 F.3d at 1091.

Where a forum seeks to assert specific jurisdiction, the out-of-state defendant must have (i) purposefully directed its activities at residents of the forum, and (ii) the litigation must result from alleged injuries that "arise out of or relate to" those activities. *Burger King*, 471 U.S. at 472. The aim of the "purposeful direction" doctrine is to ensure that an out-of-state defendant is not bound to appear to account for merely having 'random, fortuitous, or attenuated contacts' with the forum state. *Dudnikov*, 514 F.3d at 1071 (quoting *Burger King*, 471 U.S. at 475). The Supreme Court has developed a tripartite inquiry to determine whether a defendant purposefully directed its activities at a forum state: the presence of (a) an intentional act that was (b) aimed expressly at the forum state with (c) knowledge that the brunt of the injury would be felt in the forum state. *Calder v. Jones*, 465 U.S. 783, 789–90 (1984). The Tenth Circuit has interpreted the "express aim" element to signify that "the forum state itself must be the 'focal point'" of the tort. *Dudnikov,* 514 F.3d at 1075 & n.9 (quoting *Far W. Capital, Inc. v. Towne*, 46 F.3d 1071, 1080 (10th Cir. 1995)); see also *Impact Prods., Inc. v. Impact Prods., LLC*, 341 F. Supp. 2d 1186, 1191 (D. Colo. 2004).

The allegations in Plaintiff's Complaint regarding the Lanham Act are considered torts for the purposes of Colorado's long-arm statute. *Floyd's 99 Holdings, LLC v. Jude's Barbershop, Inc.*, 898 F. Supp. 2d 1202, 1208 (D. Colo. 2012). The simple fact that an out-of-state defendant has committed a tort that caused economic injury to a forum resident does not necessarily establish the requisite minimum contacts with the

forum state. *Far W. Capital*, 46 F.3d at 1077-80. The Tenth Circuit has cautioned that "those courts finding personal jurisdiction based upon an intentional tort analysis have not created a per se rule that an allegation of an intentional tort creates personal jurisdiction. Instead, they have emphasized that the defendant had additional contacts with the forum." *Id.* at 1078; *see also Impact Prods., Inc.*, 341 F. Supp. 2d at 1191 (quoting *IMO Indus., Inc. v. KiekertAG,* 155 F.3d 254, 265 (3d Cir. 1998) ("*Calder* did not carve out a special intentional tort exception to the traditional jurisdiction analysis, so that a plaintiff could always sue in his or her home state.")).

2. Plaintiff Cannot Establish that Defendant "Purposefully Directed" Its Conduct at the State of Colorado

a) *Defendant's Alleged Tortious Conduct*

By alleging that Defendant intentionally infringed on its trademarks and intentionally and willfully sold counterfeit products, Plaintiff has adequately pled that Defendant engaged in intentional tortious acts with the knowledge that the brunt of the injury would be felt in Colorado. *See Dudnikov,* 514 F.3d at 1071; (Doc. # 1 at ¶¶ 9, 31, 33, 35; Doc. # 17 at 3-7.) Plaintiff has not, however, met its burden to support its Complaint with "competent proof of the supporting [jurisdictional] facts," *Pytlik,* 887 F.2d at 1376, because there are no facts suggesting that Defendant's allegedly tortious actions were – as is required under *Calder* – "expressly aimed" at Colorado, *see Dudnikov,* 514 F.3d at 1071. *See generally* (Doc. # 17 at 1-5.)

Notwithstanding that Defendant knew that its tortious actions would cause economic injury in Colorado, a commission of a tort that occurs in another state does not, by itself, satisfy the requirement of being expressly aimed at the forum.

6

> [W]hen a defendant intentionally takes some action with the knowledge that the result will be harm to a specific victim in another state, the picture involves more than mere foreseeability or the likelihood that fortuitous and undirected conduct will have an effect in the state.

*Far West Capital*, 46 F.3d at 1078 (quoting *Coblentz GMC/Freightliner, Inc. v. General Motors Corp.*, 724 F.Supp. 1364, 1368 (M.D.Ala.1989), aff'd, 932 F.2d 977 (11th Cir.1991)). "[T]hat [defendant] may have infringed on [plaintiff's] mark outside of Colorado, and did so knowing that [plaintiff] was a Colorado resident and that this infringement would have effects in Colorado, is not sufficient to demonstrate 'express aiming' at this forum." *Impact Prods., Inc.*, 341 F. Supp. 2d at 1191; *Burger King*, 471 U.S. at 474 (holding mere foreseeability of out-of-state resident causing injury in Colorado insufficient for exercise of personal jurisdiction); *Allison*, 621 F. Supp. 2d at 1121 ("[T]he . . . [c]omplaint evidences nothing more than that the economic impact of [defendant's] alleged copyright infringement is felt by plaintiff here in Colorado. Such a circumstance is based on the mere fortuity that plaintiff happens to reside here, and is patently insufficient to permit the assumption of personal jurisdiction over [defendant] in this forum."); *Nat'l Bus. Brokers, Ltd. v. Jim Williamson Prods., Inc.,* 115 F. Supp. 2d 1250, 1255 (D. Colo. 2000) (holding that loss of profits sustained by Colorado resident as a result of tortious conduct of nonresident in another state did not constitute injury so as to subject nonresident to jurisdiction under the long-arm statute), *aff'd*, 16 Fed. Appx. 959, 2001 WL 912796 (10th Cir. 2001) (unpublished); *GCI 1985-1 Ltd. v. Murray Properties P'ship,* 770 F. Supp. 585, 590 (D. Colo. 1991) (dismissing claims against a nonresident defendant for lack of personal jurisdiction where the alleged loss of anticipated profits injured the plaintiff in Colorado "only as a result of the fortuitous

7

circumstance that [the plaintiff] maintained its headquarters in Colorado"); *Amax Potash Corp. v. Trans-Resources, Inc.,* 817 P.2d 598, 600 (Colo. App. 1991) ("when both the tortious conduct and the injury occur in another state, the fact that plaintiff resides in Colorado and experiences some economic consequences here is insufficient to confer jurisdiction on a Colorado court") (citing *McAvoy v. Dist. Court,* 757 P.2d 633 (Colo. 1988)); *Gognat v. Ellsworth*, 224 P.3d 1039, 1053 (Colo. App. 2009) (same). Plaintiff must allege "something more" than mere foreseeable economic injury in the forum state from an intentional tort to demonstrate that Defendant had the requisite minimum contacts, and that "something more" must be that Defendant "expressly aimed" its conduct at Colorado, such that the forum state was the "focal point" of Defendant's actions. *Dudnikov,* 514 F.3d at 1077.

As Defendant has correctly observed, Plaintiff failed to address purposeful direction in its Complaint or in its Response to Defendant's Motion. (Doc. # 26 at 2.) Rather, Plaintiff's Complaint alleges only that it suffered losses and damages because of Defendant's intentional conduct. *See generally* (Doc. # 1; Doc. # 17 at 1-7). Merely placing a product into the stream of commerce, without doing something more, does not constitute purposeful direction. *Asahi Metal Indus. Co. v. Superior Court of California, Solano Cty.*, 480 U.S. 102, 112 (1987). All relevant conduct by the Defendant occurred in Maine, without any indication that its actions were aimed at Colorado. Defendant did not mail the knives to Colorado, market the knives to residents within Colorado, market the knives through a distributor who serves as a sales agent within Colorado, or design any products for Colorado. (Doc. # 11-1 ¶ 10, 12, 14.) The knives were sold in the

state of Maine, and the sole reason they ended up in Colorado was due to the unilateral act of a third party. (Doc. # 11 at 8.) "[U]nilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction." *Helicopteros* 466 U.S. at 417. Nothing about the Defendant's "conduct and connection with the forum State [of Colorado]," suggests that the Maine Defendant "should reasonably [have] anticipate[d] being haled into court [in Colorado]." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). Even after resolving all factual disputes in favor of Plaintiff, this Court cannot conclude that Defendant "expressly aimed" its actions at Colorado.

    *b) The Defendant's Relationship with Plaintiff*

Despite Defendant's lack of ties to Colorado, Plaintiff makes two arguments in favor of the exercise of jurisdiction on the basis of the parties' relationship. This Court finds neither persuasive. First, Plaintiff contends that Defendant "created and utilized to its own advantage for more than a decade a relationship with [Plaintiff]." (Doc. # 17 at 5.) Specifically, Plaintiff maintains that Defendant gained information (including preferred pricing, timing of promotions, and the ability to differentiate between an authentic and counterfeit knife) which gave it an advantage in selling the allegedly counterfeit products and creating a connection between the Defendant and the state. (Doc. # 17 at 5.) However, this argument would mistakenly shift the focal point of the "minimum contacts" analysis to the relationship between the Plaintiff and the Defendant. The proper "minimum contacts" inquiry "looks to the defendant's contacts with the forum

9

State itself, not the defendant's contacts with persons who reside there." *Walden v. Fiore*, 134 S. Ct. 1115, 1122 (2014). At most, Defendant's contacts with Colorado were merely "random, fortuitous, or attenuated." *Burger King*, 471 U.S. at 475.

Second, Plaintiff alleges that Defendant possesses the requisite minimum contacts because of the Defendant's operation of two websites, through which Plaintiff interacted. Not unlike its allegations regarding the Defendant's allegedly tortious acts, Plaintiff fails to allege that the websites were "expressly aimed" at Colorado. *Shrader v. Biddinger*, 633 F.3d 1235, 1240 (10th Cir. 2011) ("[P]lacing emphasis on the internet user or site intentionally directing his/her/its activity or operation at the forum state rather than just having the activity or operation accessible there.") "[A] person who simply places information on the Internet does not subject himself to jurisdiction in each State into which the electronic signal is transmitted and received." *Id.* Simply because Defendant's websites can be accessed from Colorado does not mean that Defendant is subjecting itself to Colorado's jurisdiction. Again, it requires something more. *Id.* Plaintiff also fails to address Defendant's assertion that "[t]he site owner does not negotiate or enter into contracts with Internet visitors in a manner that requires a repeated transmission of information." (Doc. # 11 at 9.) Thus, this Court cannot conclude that Defendant purposefully directed its activities at Colorado through the operation of its websites.

For the foregoing reasons, the Court concludes that Defendant does not have the requisite "minimum contacts" with the state of Colorado sufficient for a constitutional

exercise of jurisdiction.[1]  As this Court will dismiss for lack of personal jurisdiction, there is no need to consider the parties' arguments concerning venue.

### III. **CONCLUSION**

For the foregoing reasons, it is ORDERED that Defendants' Motion to Dismiss for Lack of Jurisdiction and Improper Venue (Doc. # 11) is GRANTED in part as to the lack of personal jurisdiction, and DENIED AS IN PART AS MOOT as to whether Colorado would be a proper venue.  It is

FURTHER ORDERED that the case is DISMISSED WITHOUT PREJUDICE.

DATED: July 7, 2017            BY THE COURT:

*[signature: Christine M. Arguello]*

_____
CHRISTINE M. ARGUELLO
United States District Judge

---

[1] Because the Court concludes that defendant did not have the minimum contacts necessary to support the exercise of specific jurisdiction over them in Colorado, it need not determine whether the exercise of personal jurisdiction over them would "offend traditional notions of fair play and substantial justice."  *Int'l Shoe Co.*, 326 U.S. at 316 (internal quotation marks omitted).